**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**GUSTAVO MACHADO**                                    **CIVIL ACTION**


**VERSUS**                                             **NO. 14-379**


**TEKSYSTEMS, INC**                                    **SECTION "H"(4)**


## ORDER AND REASONS

Before the Court is Defendant's Partial Motion for Judgment on the
Pleadings.  Defendant's Motion is DENIED for the reasons stated below.


## BACKGROUND

According to Plaintiff Gustavo Machado's Complaint, Defendant
TEKsystems, Inc., an IT staffing and recruiting company, recruited him away
from his job as an Exchange Engineer with Microsoft in Texas to work for its
client, Ochsner Healthcare Foundation ("Ochsner"), in New Orleans.  Plaintiff
alleges that in doing so, TEKsystems guaranteed him that he would work as an

1

employee of TEKsystems for the first five months and would thereafter become a permanent employee of Ochsner ("the Oral Contract").  In reliance on these representations, Plaintiff quit his job at Microsoft and moved his family to New Orleans.  On Plaintiff's second day of work, the parties signed a written at-will, indefinite-term contract employing Plaintiff as an Exchange Engineer ("the Written Contract").[1]  On that same day, however, a representative of TEKsystems wrote a letter acknowledging TEKsystem's commitment to employ Plaintiff for a term of five months ("the Letter").[2]

Instead of working as an Exchange Engineer as Defendant had promised both orally and in writing, Plaintiff began work at Ochsner in an Active Directory Role.  Because he did not have the skill set to perform this job, Ochsner released Plaintiff after just four weeks of work.  TEKsystems thereafter terminated Plaintiff's employment.  Plaintiff alleges that Defendant breached the employment contract by firing him prior to the five-month term and failing to pay him the amount remaining on the contract.  In addition, he brings claims of detrimental reliance and negligent placement for Defendant's failure to place him in a job for which he was qualified.  Defendant has filed a Motion for Judgment on the Pleadings on the grounds that Plaintiff has not asserted viable claims for (1) breach of contract; (2) detrimental reliance; (3) negligence in an employment setting; and (4) future wages.

---

[1] R. Doc. 1, Exhibit A.

[2] R. Doc. 1, Exhibit B.

**LEGAL STANDARD**

Rule 12(c) provides that a party may move for judgment on the pleadings, after pleadings are closed but early enough not to delay trial.[3]  The standard for determining a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.[4]  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[5]  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7]  The court need not, however, accept as true legal conclusions couched as factual allegations.[8]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9]  The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[10]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not

---

[3] Fed.R.Civ.P. 12(c) (2014).

[4] *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177,180 (5th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[6] *Id.*

[7] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Id.*

[10] *Lormand*, 565 F.3d at 255–57.

3

entitled to relief, the court must dismiss the claim.[11] The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[12]

## LAW AND ANALYSIS

Defendant requests judgment on the pleadings on Plaintiff's claims for (1) breach of contract; (2) detrimental reliance; (3) negligent placement; and (4) future wages. The Court will address each claim in turn.

### A. Breach of Contract

There are two types of employment contracts under Louisiana law: a definite term contract and a terminable at-will contract.[13] It is true, as Defendant asserts, that in order to maintain an action for breach of an employment contract, the employment must have been for a fixed term.[14] Plaintiff alleges that in recruiting him for the job in New Orleans, Defendant entered into the Oral Contract with Plaintiff in which it agreed to employ him for a period of five months. Plaintiff alleges that by terminating him after just

---

[11] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

[12] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[13] *E.g., Robinson v. Healthworks Int'l, L.L.C.*, 837 So. 2d 714, 721(La. Ct. App. 2 Cir. 2003).

[14] *Newsom v. Global Data Sys., Inc.*, 107 So. 3d 781, 785 (La. Ct. App. 3 Cir. 2012) ("Unless an employment contract is for a definite period of time, there is no enforceable action for damages for dismissal under state law, as the contract can be terminated at the will of either employee or employer.").

4

four weeks, Defendant breached the Oral Contract.  Defendant argues that any oral statements were made prior to the signing of the Written Contract, and thus the writing, which expressly establishes at-will employment, is the final expression of the terms of their agreement.[15]

Considering the facts in the light most favorable to Plaintiff, the issue thus becomes whether the parties intended for the Written Contract to modify their previous Oral Contract.[16]  Contracts can be modified by mutual consent of the parties only.[17]  On its face, the Written Contract, which this Court considers because it was attached to Plaintiff's Complaint,[18] is ambiguous as to whether the parties intended the Written Contract to modify or supercede the prior Oral Contract.  The Written Contract makes no mention of the Oral Contract, nor does it purport to be the sole agreement between the parties.

Accordingly, the Court must accept as true Plaintiff's allegations that the Written Contract did not modify the Oral Contract.  Indeed, Plaintiff claims that on the same day that he signed the Written Contract, a representative of TEKsystems prepared the Letter, stating that Plaintiff would "be employed for 5 months with TEKsystems then transition to permanent employment to

---

[15] *See* La. Civ. Code art. 2747 (2014).

[16] The written contract does not amount to a novation because there is no express intent of the parties to novate their original agreement. *See* La. Civ. Code art. 1881; 5 SAUL LITVINOFF, LA. CIV. L. TREATISE, LAW OF OBLIGATIONS § 17.18 (2d ed.) ("[A] writing may be executed that modifies an existing obligation but without altering any of its structural elements, as when a new security is added in writing, in which case no novation, but rather a mere modification, takes place.").

[17] *E.g., River Oaks, Inc. v. Blue Cross of La./La. Health Serv. & Indem. Co.*, 595 So. 2d 785, 787 (La. Ct. App. 5 Cir. 1992).

[18] *See Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387.

5

Ochsner."[19]  In doing so, Plaintiff asserts that the parties did not intend to effect a modification.  Accordingly, Plaintiff has plead sufficient facts such that relief on his breach of contract claim is plausible, and this claim is not dismissed.

## B. Detrimental Reliance

According to the Louisiana Supreme Court and Louisiana Civil Code article 1967,

> [t]he doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. Significantly, to prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract.[20]

Defendant claims that Plaintiff cannot maintain a claim for detrimental reliance because the Letter, which purports to guarantee him a five-month term of employment, was written *after* he had already moved to New Orleans and began work at TEKsystems.  Therefore, Defendant argues, Plaintiff could not have relied on the Letter to his detriment, and his reliance is unreasonable because of the Written Contract.  Plaintiff rebuts that his reliance was not on the Letter but on oral statements made by Defendant's representatives prior to his move to New Orleans.

This Court agrees. Plaintiff's Complaint does not allege that he relied on

---

[19] R. Doc. 1, Exhibit B.

[20] *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005) (internal citations and quotations omitted); *see* La. Civ. Code art. 1967 (2014).

the Letter.  Instead, it clearly states that he and his wife quit their jobs in Texas and moved to New Orleans in reliance on TEKsystems's representations that it would employ him for five months at a designated hourly wage and then transition him to permanent employment at Oschner at a salary of $80,000. Plaintiff alleges that after his move, TEKsystem reneged on its promise and fired him after just four weeks.  These facts, as alleged, satisfy every element required to maintain a claim for detrimental reliance.  Indeed, even Defendant's Reply Memorandum concedes that its oral promises may support a detrimental reliance claim.[21]  Accordingly, Defendant's Motion to dismiss Plaintiff's detrimental reliance claim is denied.

### C. Negligent Placement

Plaintiff also asserts a claim for tort damages arising out of Defendant's negligence in placing him in a position different than that for which he had been recruited.  Plaintiff alleges that he had been employed as an Exchange Engineer at Microsoft and was recruited by Defendant to fill the same position at Oschner. When he arrived in New Orleans, however, he was employed at Oschner in a different role for which he was not qualified.   Plaintiff alleges that this placement was negligent and deprived him of the potential for permanent employment with Oschner.

In Defendant's Motion, it argues first that to the extent Plaintiff alleges some physical injury, his claim is barred by the worker's compensation statute. This Court is not convinced by this argument.  The only physical injuries

---

[21] R. Doc. 16, at p. 4.

7

claimed in Plaintiff's Complaint are emotional distress, anxiety, and anguish. Worker's Compensation law does not bar claims in tort for mental injury caused by work-related mental stress "unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence."[22] The four weeks that Plaintiff had to work in a position for which he was not qualified were no doubt stressful, however, they do not rise to this level.[23] In addition, Louisiana courts have held that termination also does not rise to the level of "sudden, unexpected, and extraordinary."[24] Therefore, to the extent that Plaintiff makes claims of emotional distress caused by the alleged negligent placement, they are not barred by Worker's Compensation law.

Next, Defendant argues that no such claim for negligent placement by an employee against his employer exists in Louisiana law. Defendant is correct that typically negligent hiring/placement claims are brought against the employer by a third party who has been injured by an employee.[25] However, this

---

[22] La. Rev. Stat. § 23:1021 (West 2014).

[23] *See Franklin v. Slidell Police Dep't*, 112 So. 3d 257, 261 (La. Ct. App. 1 Cir. 2012) ("The legislature intended to restrict recovery under subsection (8)(b) to those mental injuries that result from stresses which, by their nature, are sudden, unexpected, and extraordinary in the usual course of employment in that working environment. The claimant cannot merely show that a mental injury is related to the general conditions of employment or to incidents which have occurred over an extended period of time." (internal citations omitted)).

[24] *Montgomery v. La., DOTD*, 797 So. 2d 177, 182 (La. Ct. App. 3 Cir. 2001) ("It is certainly a stressful situation for an employee to face termination; however, termination sometimes becomes necessary and, when handled properly, cannot be held to be a sudden, unexpected and extraordinary stressful situation such as to allow a claim for workers' compensation.").

[25] *See Cote v. City of Shreveport*, 73 So. 3d 435, 440 (La. Ct. App. 2 Cir. 2011).

does not preclude the Plaintiff's claim here.  In order to prevail on a negligence claim under Louisiana law, Plaintiff must answer the following four questions of the duty/risk analysis: "(1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff . . . (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty."[26]

Plaintiff's Complaint plausibly alleges a claim of negligence because it states that Defendant, an IT staffing company, negligently placed him in a job for which he was not qualified, which "deprived him of the potential of permanent employment with Oschner."[27]  While Plaintiff has not alleged with particularity what duty Defendant owed him, this Court cannot say that he has failed to plausibly allege a negligence claim.  It is certainly plausible that a staffing company may owe a duty to those employees that it recruits.  "Whether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship of the parties."[28]  Plaintiff has alleged sufficient facts such that a duty could be established through discovery. Accordingly, this Court declines to resolve this issue in the absence of a fully developed record.  Defendant's Motion to dismiss Plaintiff's negligence claim is denied.

### D. Future Wages

In his Complaint, Plaintiff claims that  he is entitled to compensation for

---

[26] *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1085–86 (La. 2009).

[27] R. Doc. 6.

[28] *Rangel v. Denny*, 104 So. 3d 68, 75 (La. App. 2 Cir. 2012).

the remainder of the five-month term of employment that he was promised in the Oral Contract.  In Defendant's Motion for Judgment on the Pleadings, it argues that because Plaintiff was an at-will employee, he is not entitled to future wages.

> Louisiana Civil Code article 2749 states that:
>
> If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.[29]

Accordingly, Louisiana courts have stated that "[a]s a prerequisite for claiming unpaid wages for work that would have been performed in the future, an employee must show that he has been hired for a definite time period."[30]  As discussed above,  Plaintiff has plead sufficient facts to plausibly establish that he was employed by Defendant for a definite term.  Plaintiff has alleged that the parties agreed in the Oral Contract that Plaintiff was to be employed for a term of five months and that the Oral Contract was not intended to be modified by the Written Contract.  Because Plaintiff has plausibly established that he was fired in contravention of an agreement providing for a fixed-term of employment, his claim for future wages is likewise plausible.  Therefore, Plaintiff's claim for future wages is not dismissed.

---

[29] La. Civ. Code art. 2749 (2014).

[30] *Jeansonne v. Schmolke*, 40 So. 3d 347, 357 (La. Ct. App. 4 Cir. 2010). *See also Saacks v. Mohawk Carpet Corp.*, 855 So. 2d 359, 364 (La. Ct. App. 4 Cir. 2003); *Jackson v. E. Baton Rouge Parish Sch. Bd.*, 393 So. 2d 243, 245 (La. Ct. App. 1 Cir. 1980).

10

**CONCLUSION**

For the foregoing reasons, Defendant's Motion is DENIED.


New Orleans, Louisiana, this 29th day of October, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

11